## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE
### CIVIL ACTION NO. 3:09CV-113-H

KIT PRESCOTT                                                                    PLAINTIFF

v.

THE COMMONWEALTH OF KENTUCKY *et al.*                         DEFENDANTS

### I. INTRODUCTION

Plaintiff, Kitt Prescott, a convicted state inmate currently incarcerated at the Eastern

Kentucky Correctional Complex, filed an action against the Commonwealth of Kentucky;

Radcliff Police Dispatcher Jeff Hale; Radcliff Police Officer Brian Smith; Radcliff Police

Officer Steve Wittle; Vinegrove Supervising Police Officer Lt. David Eugene Williams;

Vinegrove Police K-9 Unit Officer Vic Williams; Vinegrove Chief of Police Officer Dale Riggs;

the Radcliff Police Department; and the Vine Grove Police Department.  Plaintiff is seeking

compensatory and punitive money damages.  He appears to be alleging that Defendants are liable

to him under 42 U.S.C. § 1983 for violating his Fourth Amendment rights and that Defendant

Smith is liable under a state-law claim of malicious prosecution.

When a prisoner initiates a civil action seeking redress from a governmental entity,

officer or employee, the trial court must review the complaint and dismiss the complaint, or any

portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief.  *See* 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601

(6th Cir. 1997).  The Court will now proceed to conduct the required review of Plaintiff's

complaint.  After doing so, the Court will dismiss Plaintiff's complaint as barred by the

applicable one-year statute of limitations.

## II. FACTS

On July 25, 2005, Defendant Police Officer Smith received information that Plaintiff had an outstanding Texas arrest warrant. While on patrol, Defendant Smith saw what he believed to be a car driven by Plaintiff. Defendant Smith stopped Plaintiff and advised him that it was his understanding that there was a Texas warrant out for Plaintiff's arrest. Defendant Smith detained Plaintiff while he called Defendant Dispatcher Hale to "confirm" the Texas warrant. While waiting for confirmation from Defendant Hale, Defendant Smith called for back-up from the Vinegrove K-9 unit. Specifically, Defendant Smith asked that Defendant Police Officer Vic Williams and his "narcotics dog" be dispatched to the scene. During the detention, Defendant Hale tried numerous times to confirm the existence of the Texas warrant, but was unable to do so.

While waiting for confirmation on the Texas warrant, the Defendant Officers received a police radio bulletin from Defendant Police Officer Wittle that "the Plaintiff has a local warrant from the Hardin County Task Force." A few minutes later, Defendant Wittle advised Defendant Vic Williams that he had the Hardin County warrant in his possession as it had just been faxed to him. Defendant Vic Williams then advised Plaintiff that he was placing him under arrest. After Plaintiff was placed under arrest, the Defendant Officers searched Plaintiff and his car. Plaintiff alleges that the Defendant Officers did not find any drugs in either his car or on his person. Plaintiff was then placed in a police cruiser. Plaintiff states that he then requested the Defendant Officers to search the police cruiser where he was placed to avoid a potential "set-up." The Defendant Officers searched the cruiser and found a small bag of marijuana. Plaintiff was then

charged with possession of marijuana.  Plaintiff maintains that the marijuana was not his and was either left in the police cruiser by another suspect or placed there by the Defendant Officers to set him up.

Plaintiff was subseuquently charged with possession of marijuana under case number 05-M-01700.  Plaintiff requested a trial.  Plaintiff alleges that during the court proceedings "it was discovered that the bases for the officers' arrests, a warrant from the Hardin County Task Force did not exist."  Plaintiff further claims that when he refused to enter a plea on the possession charge Defendant Smith vindictively charged him with Tampering with Physical Evidence, a Class D Felony.  Plaintiff states that the case "made it's way to trial under Case No: 05-C8-00689 and on May 3, 2007, the Jury acquitted Plaintiff on the Tampering with Physical Evidence [charge].  The Judge however granted a new trial on the original possession of marijuana charge."  Plaintiff further explains that "when the [possession of marijuana charge] made it's way to trial in district court on March 7, 2008, the Defendants choose to dismiss the case."  Plaintiff contested the dismissal arguing that he had a constitutional right to have his innocence determined by a jury and that a dismissal should only be granted if it was with prejudice.  Plaintiff appealed the dismissal without prejudice to the Kentucky Court of Appeals.  His appeal was denied on June 12, 2008.  Plaintiff also sought a writ of mandamus, which was also denied.

Even though Plaintiff was never given a trial on the possession of marijuana charge, his probation on a previous charge was revoked on January 9, 2006, "because of the discovery of the marijuana in the back seat of Officer Smith's cruiser."

Plaintiff alleges that his search and arrest were illegal and a violation of his Fourth

3

Amendment rights.  He also appears to be alleging that Defendant Smith maliciously prosecuted him on the tampering with physical evidence charge in retaliation for Plaintiff's refusal to plead guilty on the possession charge.

### III. STANDARD OF REVIEW

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19

(1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## IV. ANALYSIS

Section 1983 provides a federal forum for injured parties to seek a remedy for the deprivation of their civil liberties.  42 U.S.C. § 1983; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, (1989).  "To state a valid § 1983 claim, Plaintiff must establish that:  (1) he was deprived of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under the color of state law."  *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period for personal-injury cases in the state in which the cause of action arose.  *Wallace v. Kato*, 549 U.S. 384, 387 (2007).  In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a).  *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).  Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984).  Federal law establishes that the § 1983 statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint.  *Ruff v. Runyon*, 258 F.3d 498, 500 (6th

Cir. 2001). When the face of the complaint shows that an action is time-barred, the case may be dismissed summarily upon screening. *Jones v. Bock*, 549 U.S. 199 (2007). In *Wallace v. Kato*, the United States Supreme Court held that, in cases of alleged Fourth Amendment violations brought under § 1983, the statute of limitations begins to run on the date that the alleged constitutional violations occurred. *Wallace*, 549 U.S. at 384. "The statute of limitations for a claim for false arrest, 'where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process.'" *Fox v. DeSoto*, 489 F.3d 227, 235 (6th Cir. 2007) (quoting *Wallace*, 549 U.S. at 397).

In this case, Plaintiff's 42 U.S.C. § 1983 claims arise out of the police conduct that occurred during his arrest in May 2005. At the very latest, Plaintiff had notice of the his alleged wrongful arrest and subsequent illegal search sometime in 2007 when during the course of the possession of marijuana charge it was discovered that the Hardin County warrant that served as the basis for his original arrest never existed. Thus, the statute of limitations expired a year later, sometime in 2008. Plaintiff did not file the instant action until February, 23, 2009. As such, it is clear from the face of the complaint that Plaintiff's 42 U.S.C. § 1983 claims are time-barred.

Plaintiff claims that Defendant Smith added the tampering with evidence charge only after Plaintiff refused to plead guilty on the possession charge. Thus, Plaintiff asserts a malicious prosecution claim against Defendant Smith. Under Kentucky law, the tort of malicious prosecution accrues when there is a "favorable termination of the criminal proceedings" against the plaintiff. *See Jones v. Whittaker*, 316 F. App'x 463 (6th Cir. 2009). In his complaint, Plaintiff states that a jury acquitted him on the tampering with physical evidence charge on March 3, 2007. The statute of limitations on the malicious prosecution claim began to run on that date and expired a year later on March 3, 2008. Plaintiff did not file this action until

6

February 2009, almost a full year after the statute of limitations had expired.

### IV. CONCLUSION

For the reasons set forth above, the Court will enter an Order dismissing the instant

action.

Date:

cc:      Plaintiff, *pro se*
         Defendants
         Hardin County Attorney

4412.008